

June 30, 2022

**VIA ECF**

**Melissa F. Brill**
Direct Phone   212-908-1257
Direct Fax      866-825-3144
mbrill@cozen.com

**Andrew S. Paliotta**
Direct Phone   212-908-1200
Direct Fax      646-588-1457
apaliotta@cozen.com

Hon. Vernon S. Broderick,
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   Colony Insurance Company v. Westchester Surplus Lines Insurance Company,
        22-CV-3378 (VSB)**

Dear Judge Broderick:

Please accept this joint letter submitted by Cozen O'Connor, counsel for Defendant Westchester Surplus Lines Insurance Company ("Westchester"), and Stewart | Smith, counsel for Plaintiff Colony Insurance Company ("Colony"), pursuant to Your Honor's Order, dated June 13, 2022 (ECF Doc. #9).

   **1. A brief description of the nature of the action and the principal defenses thereto**:

   Colony's Response:

   This is a declaratory judgment action arising out of a personal injury action pending in the New York Supreme Court, Bronx County, captioned *Brendan Dunnion v. Northrock 2 LLC, et al.* bearing Index No. 22563/2018E (the "Underlying Action") involving an accident on January 26, 2018.  Colony's named insured, Northrock 2 LLC ("Northrock"), impleaded Westchester's named insured, Alba Services, Inc. ("Alba"), into the Underlying Action via a third-party complaint. In the Underlying Action, Dunnion alleges that, on January 26, 2018, while he was carrying out his duties in the employ of Alba, he was caused to sustain injuries as a result of the defendant's negligence and breach of statutory duties.  It is alleged in the Underlying Action that the plaintiff's accident and alleged injuries were the direct result of the negligence, carelessness and/or recklessness of Alba and without any negligence or culpability on the part of Northrock.

   Westchester issued a commercial general liability policy to Alba bearing policy number G28203172002 (the "Westchester Policy"), that was in full force and effect on January 26, 2018. The Westchester Policy provides additional insured coverage to Northrock for the claims against Northrock in the Underlying Action.

Hon. Vernon S. Broderick,
June 30, 2022
Page 2

_____

The defense of Northrock in the Underlying Action was tendered to Westchester on behalf of Northrock and Colony, pursuant to the terms of the Westchester Policy. Also, indemnification for the Underlying Action was tendered to Westchester and Alba, on behalf of Northrock and Colony, pursuant to the terms of the Westchester Policy. Since tender was made to Westchester on behalf of Northrock and Colony for the Underlying Action, Westchester has refused to issue an acknowledgement of coverage for Northrock.

Colony seeks a declaration, pursuant to 28 U.S.C. § 2201, that Westchester must defend and indemnify Colony's insured, Northrock, for claims asserted against it in the Underlying Action.

Westchester's Response:

In this insurance coverage action, Colony seeks a declaratory judgment that Westchester must provide defense and indemnity coverage for Colony's insured, Northrock as an additional insured under the Westchester Policy issued to Alba related to the Underlying Action. Westchester understands that Northrock and Alba were parties to an AIA Contract whereby Alba was to serve as contractor related to interior demolition and renovation work at 102 118th Street, New York, NY (the "Premises"). Northrock was owner of the Premises. Alba's employee, Dunnion, was injured by a fall from a height due to Northrock's alleged negligence. Northrock and Colony allege that Alba owes an indemnification obligation to Northrock and that Northrock is an additional insured under the Westchester Policy.

Westchester denies Colony's assertion because Northrock cannot satisfy the terms of any applicable additional insured endorsement in the Westchester Policy. This is because the alleged loss was not caused in any part by Alba or anyone working on Alba's behalf.

2. **An Explanation of Why Jurisdiction/Venue Lie With This Court**

Neither Colony nor Westchester contest the jurisdiction or venue of the SDNY. The SDNY has jurisdiction over this matter pursuant to 28 USC § 1332 as this action arises between citizens of different states and the amount in controversy excess $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000. Colony is an insurance company (not an LLC) organized under the laws of Virginia with a principal place of business in Virginia. Westchester is an insurance company (not an LLC) organized under the laws of Georgia with a principal place of business in Philadelphia, Pennsylvania.

Venue is proper in this Court under 28 USC § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district as the Underlying Action is venued in Bronx County and the underlying accident occurred in New York County.

3. **Contemplated/Outstanding Motions**

At this time, there are no outstanding motions.

The parties anticipate filing dispositive motions prior to or after the close of discovery. At this time, no other motions are contemplated, but this may change as the action proceeds through discovery.

Hon. Vernon S. Broderick,
June 30, 2022
Page 3

_____

### 4. Discovery

At this time, no discovery has taken place.

<u>Colony's Response</u>:

Colony anticipates serving Interrogatories and Requests for Production of Documents on Westchester. Also, Colony may need to depose a corporate representative of Westchester and/or Alba.

<u>Westchester's Response</u>

Westchester anticipates it will serve Requests for Production of Documents and Interrogatories upon Colony related to its claims in this matter. Further, Westchester may need to depose a corporate representative of Colony and Northrock.

### 5. Settlement/Prospects of Settlement

To date, no settlement discussions have taken place.

<u>Colony's Response</u>

Colony anticipates that this matter will be resolved via dispositive motions. However, Colony is open to the possibility of mediation.

<u>Westchester's Response</u>

After discovery is completed, Westchester anticipates it will be in a better position to evaluate the prospects of settlement but states that a mediation after discovery is completed may assist the parties with resolving this matter.

### 6. Estimated Length of Trial

The parties anticipate that a trial in this matter will last no longer than one week. However, the parties anticipate that this matter will be resolved on summary judgment.

### 7. Additional Information

A central issue in this matter is whether Northrock constitutes an additional insured under the terms and conditions of the Westchester Policy. This will involve the interpretation of the AIA Contract between Alba and Northrock and the Westchester Policy. As such, the parties believe that a Motion for Summary Judgment on the interpretation of the contracts will likely be dispositive on a majority of the issues in this matter or will assist the parties with resolving this matter short of trial.

Hon. Vernon S. Broderick,
June 30, 2022
Page 4

_____

Respectfully submitted,

Stewart **|** Smith

By: */s/ William F. Stewart*
   William F. Stewart
   *Attorney for Plaintiff, Colony Insurance Company*


Cozen O'Connor


By: */s/ Andrew S. Paliotta*
   Melissa F. Brill
   Andrew S. Paliotta
   *Attorneys for Defendant, Westchester Surplus Lines Insurance Company*